IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL LOWERY,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**JO ANNE B. BARNHART** )<br>**Commissioner of Social Security,** )<br>)<br>    **Defendant.** ) | 2:05cv630 |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.    Introduction**

Plaintiff, Michael Lowery, brought this action pursuant to 42 U.S.C. §§ 405 (g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§401-403; 1381-1383(f).

**II.    Background**

**A.    Facts**

Plaintiff was born on January 25, 1955, and has a high school education. (R. at 16, 43.)  He has worked as a coil maker, Wal-Mart stocker, Access van driver and a laborer. (R. at 16, 57.)

Plaintiff alleges disability as of June 10, 2001, due to diabetes and mental-health problems. (R. at 16.)  The record shows that he has not engaged in substantial gainful work activity since alleging disability in June 2001.

**B.    Procedural History**

Plaintiff filed a previous application for DIB and SSI payments on July 30, 2001, which was ultimately denied by an Administrative Law Judge ("ALJ") on April 25, 2003. (R. at 15.)

Plaintiff filed the current application for SSI payments on September 24, 2003, and filed the current application for DIB payments on October 14, 2003, in which he claims total disability since April 25, 2003. (R. at 15.)  An administrative hearing was held on November 10, 2004 before ALJ Elliot Bunce. (R. at 15-24.)  Plaintiff was represented by counsel and testified at the hearing.  Sharon Conley, Plaintiff's intensive case manager and Samuel Edelmann, a vocational expert, also testified at the hearing. (R. at 15.)

On December 17, 2004, the ALJ rendered a decision which was unfavorable to Plaintiff in which he found that Plaintiff has "the residual functional capacity to perform work at any exertional level that does not require: more than simple, routine, repetitious tasks, with one or two step instructions; performed in a low-stress environment, defined as work requiring few decisions; or more than occasional contact with the public, coworkers or supervisors." (R. At 23.)

The ALJ's decision became the final decision of the Commissioner on April 22, 2005, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On May 6, 2005, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ.  The parties have filed cross motions for summary judgment.  Plaintiff contends that the decision of the ALJ is not supported by substantial evidence because (i) insufficient weight was given to Plaintiff's treating psychiatrist; and (ii) too much weight was given to a non-examining physician.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court agrees with the Commissioner and will therefore grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

**III.     Legal Analysis**

    **A.     Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§405(g), 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. §405(g); *Schaudeck v. Comm'n. of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. §404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §423(d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4 Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy…." *Campbell*, 461 U.S. at 461 (*citing* 42 U.S.C. §423(d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff has "the residual functional capacity to perform work at any exertional level that does not require: more than simple, routine, repetitious tasks, with one or two step instructions; performed in a low-stress environment, defined as work requiring few decisions; or more than occasional contact with the public, coworkers or supervisors." (R. at 23.)

4

### B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. §405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

1. <u>The ALJ properly weighed and evaluated the medical evidence of record from Plaintiff's treating psychiatrists.</u>

Plaintiff argues that the ALJ failed to give proper weight to the medical opinion of his treating physicians. "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal citations omitted). The ALJ must consider all medical findings that support a treating physician's assessment that a claimant is disabled, and can only reject a treating physician's opinion on the basis of contradictory medical evidence, not on the ALJ's own credibility judgments, speculation or lay opinion. *Morales*, 225 F.3d at 317-318.

Since Plaintiff's previous application for SSI and DBI was denied on April 25, 2003, the relevant time period for this case begins on April 26, 2003. (R. at 15.)

Plaintiff saw Dennis Wayne, M.D., a psychiatrist at Mon Yough Community Services Inc. on April 30, 2002 and September 30, 2002, and appears to have last seen him on December 30, 2002. (R. at 107-09.) Plaintiff also did not show for appointments on July 31, 2002 and November 21, 2002. (R. at 108-09.) The record does not reflect that Plaintiff was seen by Dr. Wayne on or after April 26, 2003. The record evidence from Dr. Wayne for the relevant time period is limited. There is a check-box form completed on July 6, 2004, which is not accompanied or supported by any treatment

5

records or progress notes. (R. at 204-05.)  The record includes a letter from Plaintiff's therapist, Emily C. Hayes, M.S.W., L.S.W., dated November 5, 2004, which states that Plaintiff regularly attends medication checks with his psychiatrist, Dr. Dennis Wayne. (R. 251.)  There is also an inpatient discharge summary from Pyramid Healthcare, a substance abuse treatment program, which reflects a discharge date of October 27, 2004, for Plaintiff which was apparently signed by Dr. Dennis Wayne on November 9, 2004. (R. at 254-55.)

In March 2003, Plaintiff was evaluated at Allegheny Correctional Health Services which reported that Plaintiff had appropriate affect but he reported that he was "a little bit depressed." (R. 129.)  Plaintiff was diagnosed with depressive disorder, alcohol and cocaine abuse and his global assessment of functioning ("GAF") was assessed at 35-40.[1] (R. at 133.)  An inmate medical survey report completed on August 31, 2003 stated that Plaintiff had a history of diabetes and bipolar disorder but was not currently showing any signs of depression.  (R. at 114-16.)

Plaintiff saw Ashok Jain, M.D., a psychiatrist at Mon Yough Community Services, Inc. on October 17, 2003 and March 29, 2004. (R. at 206-09.)  Dr. Jain is shown as the treating physician on the Mon Yough notes since October 2003.  Both of the visits with Dr. Jain occurred during the time period relevant to this case.

On October 17, 2003, Dr. Jain diagnosed Plaintiff with alcohol, marijuana, cocaine, and opiate dependence and a drug induced mood disorder.  (R. at 209.)  Dr. Jain assessed Plaintiff at this time as having a GAF of 50.[2] (R. at 209.)  Plaintiff was seen by Dr. Jain again on March 29, 2004.  Dr. Jain assessed Plaintiff as having a goal directed/logical thought process with no evidence of circumstantiality and tangentiality

---

[1] A GAF of 35-40 indicates some impairment in reality testing or communication or major impairment in several areas, such as work, family relations, judgment, thinking, or mood.  DSM-IV at 32.

[2] A GAF of 50 indicates serious, but bordering on moderate, impairment in social or occupational functioning. Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 32 (American Psychiatric Association 4th ed. 1994).

with fair insight and judgment. (R. at 206)  Plaintiff's GAF range was increased by Dr. Jain to 50-60.[3]

Plaintiff was treated at Turtle Creek Valley MH/MR from October 17, 2003 through October 29, 2003. (R. at 155-69.)   In a psychiatric evaluation dated October 20, 2003, Plaintiff was assessed as being a substance abuser and as being depressed, which could be explained by substance induced mood disorder. (R. at 165.)

On December 12, 2003, Plaintiff was given a clinical psychological disability examination by Wallace O'Shell, Ph.D., a psychologist.  Plaintiff's GAF was assessed at 50. (R. at 172.)  Dr. O'Shell diagnosed Plaintiff with Major Depression, Recurrent, Moderate, but said that Plaintiff's prognosis with appropriate treatment is good. (R. at 172.)  Dr. O'Shell also found that Plaintiff had a marked limitation in responding appropriately to pressures in a usual work setting and a moderate limitation in responding appropriately to changes in a routine work setting. (R. at 174.)  All other limitations were found to be slight.  (R. at 173-75.)  When the assessment asked Dr. O'Shell if substance abuse contributed to Plaintiff's limitations, he responded that Plaintiff drinks when he is stressed and that Plaintiff would be expected to be a good employee if he did not drink. (R. at 175.)

A mental residual functional capacity assessment ("RFC") was completed on December 24, 2003 by Sharon Tarter, Ph.D. based on a review of the objective medical evidence. (R. at 176-91.)  The RFC indicated only moderate or no significant limitations in the categories listed. (R. at 176-77.)  Dr. Tarter stated that Plaintiff's limitations resulting from his impairments do not preclude him from meeting the mental demands of competitive work on a sustained basis. (R. at 178.)  Plaintiff was also assessed on a Psychiatric Review Technique Form ("PRTF") in which he was diagnosed as having personality and affective disorders under the substance addiction category. (R. at 187.)

---

[3]  A GAF of 51-60 indicates only moderate difficulty in social or occupational functioning. DSM-IV at 32.

Plaintiff also completed an inpatient drug and alcohol treatment program at Pyramid Healthcare from September 24, 2004 through October 27, 2004. (R. at 247.) Plaintiff's discharge was successful and he was noted as being highly motivated for recovery and compliant with treatment recommendations. (R. at 248.) Plaintiff's aftercare plan included group therapy and continuing to work on coping skills to manage feelings of depression. (R. at 252.)

A physical RFC assessment of Plaintiff was completed on December 30, 2003 based on a review of the objective medical evidence. Although Plaintiff was diagnosed with diabetes mellitus, all physical tests were noted as normal and no physical limitations were noted. (R. at 192-99.)

Plaintiff argues that the decision of the ALJ is contrary to the medical evidence of record. Specifically, Plaintiff contends that insufficient weight was given to the opinion of Dr. Wayne as a treating psychiatrist that Plaintiff cannot function in the workplace; and that too much weight was given to Dr. Tarter's opinion that Plaintiff's limitations do not preclude him from working, since she was a non-examining physician.

Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings. 20 C.F.R. §404.1527(d)(3)-(4). Where an opinion as to disability is contained in a form report unaccompanied by a thorough written report, its reliability is suspect. *See Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986). To the extent that Plaintiff is correct that a treating physician's findings and opinions are entitled to greater weight than attributed to it by the ALJ, the Court is guided by the pronouncement of the Court of Appeals for the Third Circuit in *Adorno v. Shalala*, 40 F.3d 43 (3d Cir. 1994):

> A statement by a Plaintiff's treating physician supporting an assertion that he is "disabled" or "unable to work" is not dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of the total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports of other physicians who have examined the claimant.

*Id.* at 47-48 (citations omitted); 20 C.F.R. §404.1527(e).  The determination of disability, which is a legal determination, is ultimately for the Commissioner and not a medical source.  20 C.F.R. §§404.1527(e).

The administrative record reflects that the ALJ examined all of the medical findings and evidence of record, including the evidence from Dr. Wayne.  For example he discussed Plaintiff's depression and personality disorders and the extent to which they limit him. (R. at 17-21.)  The ALJ also discussed Plaintiff's diagnosed substance abuse and successful treatment. (R. at 21.)  He noted Plaintiff's diagnoses of diabetes but found, consistent with the vocational expert, that Plaintiff's diabetes would not impose restrictions that would rule out working. (R. at 21.)  The ALJ also discussed Dr. Wayne's treatment of Plaintiff prior to the relevant period and any documents signed by Dr. Wayne or which referred to Dr. Wayne during the relevant time period. (R. at 19-20.)

The ALJ properly chose to not give controlling weight to the evidence from Dr. Wayne for several reasons.  First it does not appear from the record that Dr. Wayne actually examined Plaintiff during the relevant period.  The record reflects that his last visit with Dr. Wayne was December 9, 2002, and the relevant time period for this case begins on April 26, 2003. (R. at 107.)  Dr. Wayne did submit a form on July 6, 2004 stating that Plaintiff was unable to work, but the form was not accompanied or supported by a thorough written report, and therefore the reliability of that evidence is suspect.  *See Brewster v. Heckler*, 786 F.2d 581, 585.

Also, the opinion of Dr. Wayne that Plaintiff is unable to work is not supported by evidence in the record.  Dr. Jain, Plaintiff's treating psychiatrist since October 2003, found that Plaintiff's cognitive functioning was stable and that he had fair insight and judgment. (R. at 206.)  Also Plaintiff's GAF score as of March 29, 2004, as assessed by Dr. Jain, indicated only moderate difficulty in social or occupational functioning.

In addition, Dr. O'Shell, an examining psychologist, found mostly slight limitations for Plaintiff with respect to work related activities, but found one moderate

9

and one marked limitation in responding appropriately to changes in a routine work setting and responding appropriately to work pressures in a usual work setting, respectively. (R. at 174.) Dr. O'Shell further stated that Plaintiff would be expected to be a good employee if he did not drink. (R. at 175.) Dr. O'Shell also found that Plaintiff's prognosis with appropriate treatment was good. (R. at 172.) Since this assessment, Plaintiff has successfully completed substance abuse treatment and his alcohol and cocaine dependence were both in remission as of November 5, 2004. (R. at 248, 251.)

The ALJ found that the treatment notes of Dr. Jain and his assessments of Plaintiff's GAF are consistent with the RFC and he gave more weight to them than the form submitted by Dr. Wayne, which was not supported by treatment notes and incorrectly noted that Plaintiff's high GAF for the past year was 45. (R. at 20.)

The ALJ also found that the state agency's assessment conducted by Dr. Tarter and the assessment by Dr. O'Shell were the most thorough ratings of Plaintiff's vocational capacity since April 25, 2003 and therefore he afforded said assessments significant weight in determining Plaintiff's RFC. (R. at 18.) Although Dr. Tarter did not examine Plaintiff, she did examine the record and the ALJ determined that her findings were more consistent with the evidence of record than Dr. Wayne's assessment of July 6, 2004.

After careful consideration of all of the evidence, the ALJ found that Plaintiff "is capable of making a successful adjustment to work that exists in significant numbers in the national economy." (R. at 22.)

The Court finds and rules that the ALJ carefully considered the opinions of each of Plaintiff's physicians as shown by the ALJ's extensive reference to Plaintiff's medical records, and that his findings are not contrary to the weight of the medical evidence but are instead supported by substantial evidence.

**IV. Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful

employment.  Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that Plaintiff is able to perform work that exists in significant numbers in the national economy at the medium and light exertional levels.

      For all these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.  An appropriate Order follows.

                                              McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LOWERY, | ) |
| Plaintiff, | ) |
| v. | )  2:05cv630 |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

### ORDER OF COURT

AND NOW, this 14th day of June, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that:

    1.    Defendant's Motion for Summary Judgment (*Document No. 8*) is **GRANTED**;

    2.    Plaintiff's Motion for Summary Judgment (*Document No. 10*) is **DENIED**; and

    3.    The Clerk will docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

Gregory G. Paul, Esquire
Email: gpaul@peircelaw.com

Paul Skirtich, AUSA
Email: paul.skirtich@usdoj.gov